1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

6   JEROMY ARROYO,                               Case No. 2:24-cv-01503-JAD-BNW

7              Plaintiff,

8       v.                                        **ORDER AND REPORT AND**
                                                  **RECOMMENDATION**
9   LAS VEGAS UROLOGY, ET AL.,

10             Defendants.

11

12          Pro se plaintiff Jeromy Arroyo brings this lawsuit in connection with alleged medical

13   malpractice and conduct following that procedure. He moves to proceed *in forma pauperis*. ECF

14   No. 1. He submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay

15   fees or costs or give security for them. As a result, his request to proceed *in forma pauperis* will

16   be granted. This court now screens his complaint (ECF No. 1-1) as required by 28 U.S.C.

17   § 1915(e)(2).

18   **I.      ANALYSIS**

19           **A.      Screening standard**

20          Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

21   under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims

22   and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be

23   granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

24   1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

25   failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

26   F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient

27   factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

28   *v. Iqbal*, 556 U.S. 662, 678 (2009). This court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.      Screening the complaint

Plaintiff alleges Dr. Zapinsky "botched [his] circumcision surgery." Related to that claim, he explains he had a lot of bleeding and that the stitches were "falling out." Plaintiff also adds that Las Vegas Urology falsely maintains they did not perform this surgery on him.

In addition, Plaintiff complains of several other actions allegedly undertaken by Las Vegas Urology (which he characterizes as retaliatory) such as their failure to provide him his medical records, blocking his number, deleting information from his patient portal, and no longer allowing him to set foot in their office. Lastly, Plaintiff alleges he has been receiving threatening emails.

He demands $100,000 in damages.

#### 1.      Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. Plaintiff is a citizen of California and Defendants are citizens of Nevada. Plaintiff' alleges his claims exceed

$75,000. Thus, at least preliminarily, it would appear this Court would have jurisdiction over these claims.

### 2. Medical malpractice claim

As explained above, Plaintiff is asserting a medical-malpractice claim. For such claims, Nevada Revised Statute § 41A.071 requires that:

> [T[he district court shall dismiss the action, without prejudice, if the action is filed without an affidavit that ... [s]upports the allegations contained in the action; ... [i]s submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence; ... [i]dentifies by name, or describes by conduct, each provider of health care who is alleged to be negligent; and ... [s]ets forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms.

NEV. REV. STAT. § 41A.071(1)–(4). A complaint that does not contain this affidavit "is void *ab initio*, meaning it is of no force and effect." *Martell v. Las Vegas Metro. Police Dep't*, No. 221-cv-01733JAD-DJA, 2022 WL 1125380 (D. Nev. Apr. 13, 2022) (citing *Washoe Med. Ctr. v. Second Judicial Dist. Court of State of Nev. ex rel. Cty. of Washoe*, 148 P.3d 790, 794 (Nev. 2006)). Plaintiff did not file the required affidavit, so this Court recommends that the medical-malpractice claim be dismissed without prejudice but without leave to amend.

### 3. Remaining claims

Even liberally construing the remaining allegations, it is not clear what laws were violated or by whom. Moreover, it appears highly unlikely that the damages for the remaining allegations would exceed $75,000. Unless the amount in controversy exceeds $75,000 this Court would lack jurisdiction, necessitating that Plaintiff bring the remaining allegations before the state court. This Court will therefore dismiss the remaining allegations and will allow Plaintiff to amend his complaint to better plead these remaining allegations.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the

underlying conduct and each defendant's involvement in the case. *See* FED. R. CIV. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of his claims against them. Plaintiff must also provide more than a conclusory assertion regarding the amount in controversy.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This court cannot refer to a prior pleading or other documents to make his amended complaint complete.

**CONCLUSION AND RECOMMENDATION**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS RECOMMENDED** that Plaintiff's claim for medical malpractice be dismissed without prejudice but without leave to amend.

**IT IS ORDERED** that Plaintiff will be given leave to amend the remaining allegations. Should Plaintiff choose to amend his complaint in federal court he must comply with the instructions provided above and file an amended complaint by December 27, 2024. Failure to follow instruction or to meet that deadline may result in a recommendation that the case be dismissed.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Prado's complaint (ECF No. 1-1).

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 22, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE